05-CV-05780-CMP



FILED
RECEIVED
LODGED
DEC 0 2 2005
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                DEPUTY

#5145521 SITSSA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WINDY PAYNE, individually, and as Guardian on Behalf of DYLAN PAYNE, a minor child,

Plaintiffs,

PENINSULA SCHOOL DISTRICT, a municipal corporation; ARTONDALE ELEMENTARY SCHOOL, a municipal corporation; JODI COY, in her individual and official capacity; JAMES COOLICAN, in his individual and official capacity; and JANE and JOHN DOES 1–10,

Defendants.

NO. C05 5780 KLA

COMPLAINT

## I.   INTRODUCTION

1.1.   This claim arises out of the unconscionable treatment that was suffered by Dylan Payne, a minor child who was diagnosed with oral motor apraxia and autism when he was five (5) years old, at the hands of Defendants. Contrary to modern practice, and in a clear derogation of Dylan's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, Defendants engaged in an ongoing practice of locking Dylan in a small closet for extended periods of time and without supervision while he

COMPLAINT - 1 of 10
()
[1325469 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

was a student in the Peninsula School District. This harmful, unconscionable practice proximately caused Plaintiffs to suffer damages.

1.2. Plaintiffs bring this claim for damages, as a result of Defendants' negligence and violations of Dylan's civil rights. Plaintiffs also seek declaratory relief.

## II. PARTIES

**A.  Plaintiffs**

2.1.1. MICHAEL AND WINDY PAYNE are the natural parents of DYLAN PAYNE. Dylan Payne is a minor child, who was placed at Artondale Elementary School when he was seven (7) years old. The Paynes reside at 1365 11th Lane, Fox Island, Washington 98333.

**B.  Defendants**

2.2.1. The PENINSULA SCHOOL DISTRICT is a municipal corporation who placed Dylan Payne in the special education curriculum. At all relevant times, the Peninsula School District had authority over the placement, curriculum, and disciplinary measures taken at the Artondale Elementary School. The Peninsula School District also had, at all relevant times, supervisory authority over Artondale Elementary School and Jodi Coy.

2.2.2. The ARTONDALE ELEMENTARY SCHOOL is a municipal corporation who had, at all relevant times, supervisory authority over Jodi Coy, and was responsible for enacting, maintaining, and improving the policies, procedures, and practices with regard to the education and student discipline of Dylan Payne.

2.2.3. JAMES COOLICAN was, at all relevant times, the superintendent of the Peninsula School District. Mr. Coolican had, at all relevant times, supervisory authority over Jodi Coy, and was responsible for enacting, maintaining, and improving the policies,

COMPLAINT - 2 of 10
()
[1325469 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620 6565

procedures, and practices with regard to student discipline and education at the Artondale Elementary School.

2.2.4. JODI COY was, from 2003–2004, Dylan Payne's elementary school teacher. Ms. Coy had authority under the Peninsula School District and the Artondale Elementary School for enacting, maintaining, and improving classroom policies, procedures, and practices relating to the education and discipline of Dylan Payne.

2.2.5. JANE and JOHN DOES 1–10 are various individuals and entities who will be identified through discovery and were at all relevant times teachers, officials, and other agents of the Peninsula School District and its related entities and agents.

### III. JURISDICTION

3.1. Plaintiffs bring this action against the Peninsula School District, the Artondale Elementary School, James Coolican, and Jodi Coy, in accordance with federal and state law. Plaintiff has served a tort claim form, by written letter, in accordance with RCW § 4.91.100. Sixty days have elapsed before commencing this cause of action.

3.2. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because of the federal claims involved, *inter alia*, 42 U.S.C. § 1983. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

### IV. VENUE

4.1. The events giving rise to this lawsuit occurred in Pierce County, Washington. Venue is proper in this district under 28 U.S.C. § 1391(b).

### V. FACTS

Plaintiffs reallege and incorporate herein the preceding paragraphs of this Complaint as though set forth in full.

COMPLAINT - 3 of 10
()
[1325469 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

5.1. During the 2003-2004 school year, the Peninsula School District elected to place Dylan Payne, who was then seven (7) years old, in a contained special education classroom, within the Artondale Elementary School.

5.2. Dylan's teacher was Jodi Coy. The Peninsula School District and Ms. Coy represented to Michael and Windy Payne that Ms. Coy was certified to administer the special education program.

5.3. Before the start of the 2003-2004 school year, Michael and Windy Payne met with Ms. Coy to discuss Dylan Payne's education and transition to Ms. Coy's classroom. During this conversation, the Paynes observed a small room that appeared to be the size of a closet. The closet had an elaborate locking system.

5.4. During the above-referenced meeting, the Paynes inquired into the nature and purpose of the room. Ms. Coy represented that the room was used as a time-out room or "safe room" for students, and that it was to be used for a child who became overly stimulated. Ms. Coy further represented that the door was going to be removed and pillows and beanbags would be placed in the room, for the comfort and tranquility of the child placed in the room.

5.5. After the initial meeting, the Paynes met with Ms. Coy, to follow up on Dylan Payne's Individual Educational Program and Behavior Assessment Plan. During this meeting, Ms. Coy requested permission to use the closet while awaiting Dylan's IEP review and Behavioral Modification Plan. It was represented to the Paynes that the paperwork for the IEP review and BMP would take approximately two weeks. The Paynes objected to the use of the closet, stating that their son could not perceive a difference between positive and negative reinforcement. The Paynes clearly requested that Dylan Payne's BMP be completed prior to

COMPLAINT - 4 of 10
()
[1325469 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

use of the closet and that, if the closet was to be used, the door had to remain open. Further, the Paynes indicated Dylan Payne was not to be left alone in the closet for an undisclosed period of time. Based on Ms. Coy's representations about the closet and her expressed professional need to use the closet, the Paynes reluctantly agreed, provided that an aide would be present with Dylan Payne and the door would be left open while the closet was used as a time-out location. The Paynes further indicated to Ms. Coy that the closet could only be used for time-out periods, not for punishment. The Paynes' limited and conditional consent, if there was any, was obtained through coercion and undue influence.

5.6. Contrary to the Paynes' objections and conditions, Ms. Coy repeatedly punished Dylan Payne by confining him within the locking closet. Dylan Payne was confined to the closet on multiple occasions, without a completed IEP or BMP, and despite the Paynes' objections and conditions. When Dylan Payne was locked in the closet for long periods of time, he removed his clothing, and he urinated and defecated on himself. As further punishment, Ms. Coy forced Dylan Payne to clean up his own excrement.

5.7. The Paynes made repeated requests that Ms. Coy cease her "aversive therapy" techniques, but Ms. Coy continued to attempt to justify her actions, citing standards within the special education community.

5.8. The windowless door to the locking closet was removed in the latter part of January 2004. To Plaintiffs' knowledge, following this time, no other children were subjected to Defendants' bizarre and unconscionable form of punishment.

5.9. Following January 2004, Ms. Coy refused to allow Michael and Windy Payne to visit the classroom or pick Dylan Payne up directly from the classroom. Ms. Coy attempted

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

to justify this exclusion, claiming that the Paynes could misinterpret what they observed in the classroom. Subsequently, the Paynes learned that Ms. Coy did not possess a valid special education teaching certificate from the State of Washington. Similarly, Ms. Coy did not possess an endorsement waiver.

5.10. Defendants retaliated against the Paynes for the Paynes' resistance to the actions of Ms. Coy and the Peninsula School District.

5.11. Dylan Payne was profoundly damaged by Defendants' actions. Defendants' punishment and use of the locking closet caused Dylan to suffer significant regression in communicative and sensory functions. In addition, his academic prowess and abilities were diminished. As a result of Defendants' actions, Dylan continues to display signs of emotional trauma. By way of example, Dylan Payne did not want to return to Artondale Elementary School, became easily agitated and needy, and he began to act out and bite holes in his clothing.

## VI.    CAUSES OF ACTION

### A.    Violations of Civil Rights Under 42 U.S.C. § 1983.

Plaintiffs reallege and incorporate herein the preceding paragraphs of this Complaint as though set forth in full.

6.1.1. At all material times, Defendants were acting under color of law.

6.1.2. Dylan Payne, like all citizens of the United States of America, has a constitutional right to be free from excessive force under the Fourth Amendment to the United States Constitution.

COMPLAINT - 6 of 10
()
[1325469 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

6.1.3. Dylan Payne, like all citizens of the United States of America, has a constitutional right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article I, § 14 of the Washington Constitution.

6.1.4. Dylan Payne, like all citizens of the United States of America, has a constitutional right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution.

6.1.5. Dylan Payne had statutory rights under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*

6.1.6. Defendants violated Dylan Payne's civil rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as Dylan Payne's statutory rights under the IDEA.

6.1.7. Defendants were deliberately indifferent to Dylan Payne's civil rights by repeatedly confining him within a locking and windowless closet for indeterminate periods of time, or by enacting a policy, procedure, or practice that resulted in repeatedly confining him within the locking and windowless closet for indeterminate periods of time. In addition, Defendants' deliberate indifference is also manifest in Defendants' failure to promulgate a policy, procedure, or practice to prevent the tortious and unconscionable mistreatment that occurred in this case.

**B.    Negligence**

Plaintiffs reallege and incorporate herein the preceding paragraphs of this Complaint as though set forth in full.

COMPLAINT - 7 of 10
()
[1325469 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

6.2.1. Defendants failed to exercise professional judgment in administering discipline to Dylan Payne. Defendants had a duty to use reasonable care in administering discipline to Dylan Payne, a student with whom Defendants had a special relationship.

6.2.2. Defendants have a duty to exercise reasonable care to avoid from harming all foreseeable plaintiffs.

6.2.3. Defendants have a duty to exercise reasonable care in the hiring, training, and supervision of their employees and agents.

6.2.4. Defendants' act of repeatedly confining, and/or allowing others to confine, Dylan Payne to the windowless and locking closet was unreasonable, breaching the standard of care.

6.2.5. Defendants' acts of hiring, retaining, failing to supervise, or failing to train Jodi Coy was unreasonable, breaching the standard of care.

6.2.6. Defendants' negligence proximately caused Dylan Payne to suffer significant mental, emotional, and cognitive distress, as well as special damages.

6.2.7. As a proximate result of Defendants' negligence, co-Plaintiff Windy Payne suffered severe emotional distress.

C. **Outrage**

Plaintiffs reallege and incorporate herein the preceding paragraphs of this Complaint as though set forth in full.

6.3.1. Defendants knew of Dylan Payne's vulnerability and cognitive challenges, as well as his need for special care and treatment. Nevertheless, Defendants chose to make Dylan Payne suffer in a windowless, locking closet, in an attempt to "break" him.

COMPLAINT - 8 of 10
()
[1325469 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

6.3.2. Defendants' acts and omissions were so outrageous as to shock the conscience of a reasonable person in society. Defendants' actions were so unreasonable, cruel, and unusual as to amount to actionable outrage. These acts proximately caused Dylan Payne to suffer significant mental, emotional, and cognitive distress, as well as special damages.

### VII.   PRAYER FOR RELIEF

7.1. Plaintiffs seek, on behalf of their minor child, Dylan Payne, general damages for extreme mental suffering and emotional distress and special damages, in an amount to be proven at trial, all of which were directly and proximately caused by Defendants' acts and omissions.

7.2. Plaintiffs seek punitive damages under 42 U.S.C. §1983 for violations of Dylan Payne's civil rights.

7.3. Plaintiffs seek reasonable costs and attorneys' fees incurred in prosecuting this matter.

7.4. Plaintiffs seek declaratory relief and ask for a ruling declaring that the policy, procedure, or practice of placing Dylan Payne, and other similarly situated students, in a locked "safe" room for a long period of time, without supervision or communication, constituted a tortious and unconstitutional act, depriving Dylan Payne of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

7.5. Plaintiffs pray for such other equitable or legal relief as the Court deems just.

### VIII.   RESERVATION OF RIGHTS

8.1. Plaintiffs reserve the right to assert additional claims as may be appropriate following further investigation and discovery.

COMPLAINT - 9 of 10
()
[1325469 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## IX. JURY DEMAND

9.1. Pursuant to Federal Rules of Civil Procedure, Plaintiffs demand that this action be tried before a jury.

Dated this 7 day of November, 2005.

GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

By: _____
Thomas B. Vertetis, WSBA No. 29805
Attorneys for Plaintiff

COMPLAINT - 10 of 10
()
[1325469 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565