HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WINDY PAYNE, individually and as guardian on behalf of D.P., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>PENINSULA SCHOOL DISTRICT, a municipal corporation; ARTONDALE ELEMENTARY SCHOOL, a municipal corporation; JODI COY, in her individual and official capacity; JAMES COOLICAN, in his individual and official capacity; JANE DOES 1-10; and JOHN DOES 1-10,<br><br>Defendant. | CASE NO. 3:05-cv-05780-RBL<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER |

THIS MATTER is before the Court on Plaintiff Windy Payne's motion for a protective order. [Dkt. #131]. Plaintiffs argue that deposing Windy Payne would be cumulative because she already gave her complete testimony in her 2006 deposition, and that deposing D.P. would be futile because of his diminished communicative capacity, and would merely cause him trauma and anxiety. The Motion is GRANTED in part and DENIED in part.

Defendants deposed Windy Payne for more than six hours on July 21, 2006. [Dkt #30-6]. On June 7, 2013, Defendants sent a deposition notice to Windy Payne, reasoning that they want to know of any new information that was not known at the time of her original deposition. Windy Payne seeks a protective order on the grounds that she has already given her complete testimony.

Rule 30 requires that a party must obtain leave of the court to take a deposition of someone who has already been deposed in the case. Rule 30(a)(2)(A)(ii). Rule 26 grants courts broad discretion to limit discovery through protective orders "in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Rule 26(c). While it is generally disfavored, multiple depositions are appropriate in certain circumstances, when a long time has passed during which new evidence may have come to light. *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989). Because seven years have passed since Windy Payne's first deposition, and she possesses relevant information about the extent of D.P.'s damages that were not available at the time of her original deposition, the Motion for a protective order as to Windy Payne's deposition is denied. However, the scope of the deposition will be strictly limited to facts and observations relevant to damages that have occurred since the 2006 deposition. The Court will not impose a time restriction unless and until a party alerts the Court of unreasonable or out-of-scope questioning.

Defendants also sent notice of deposition of D.P. Dec. of Vertetis at Ex. 2. Defendants now agree to forego his deposition provided that the Court enter an order prohibiting D.P. from testifying at trial or even appearing in front of the jury. [Dkt #136]. In the interest of protecting D.P. from undue burden and likely trauma and anxiety that would result from this deposition, Plaintiffs' motion for a protective order as to D.P.'s deposition is granted. Plaintiffs have stated

they do not intend to call D.P. as a witness at trial, and a Court order on this matter is unnecessary. [Dkt. #131]. Defendants also request that D.P. be prevented from being present in trial without first having a short meeting with Defendant's counsel so they know how he will present. [Dkt. # 136]. An order on this matter is also unnecessary; Defendants already have knowledge of D.P.'s demeanor and presentation, as Plaintiffs consented to a forensic evaluation of D.P. by Defendant's expert, Dr. Steven Sulzbacher, in April, 2013. [Dkt. #131]. Defendants can consult with their expert regarding D.P.'s presentation and demeanor. The Plaintiffs' Motion for a Protective Order as to D.P.'s deposition IS GRANTED without the Defendant's requested conditions.

IT IS SO ORDERED

Dated this 3rd day of July, 2013.

                                  RONALD B. LEIGHTON
                                  UNITED STATES DISTRICT JUDGE