**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 3 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WINDY PAYNE, individually and as guardian on behalf of D.P., a minor child,<br><br>  Plaintiff - Appellee,<br><br> v.<br><br>PENINSULA SCHOOL DISTRICT,<br><br>  Defendant,<br><br>And<br><br>JODI COY,<br><br>  Defendant - Appellant. | No. 13-35921<br><br>D.C. No. 3:05-cv-05780-RBL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 10, 2015
Seattle, Washington

Before: NGUYEN and FRIEDLAND, Circuit Judges and ZOUHARY,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

Jodi Coy appeals the district court's denial of summary judgment and qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1179 (9th Cir. 2007), we reverse. The case is remanded for further proceedings on Plaintiff's remaining *Monell* and state law claims.

Coy is entitled to qualified immunity with respect to Plaintiff's Fourth Amendment claim because, at the time she acted, it would not have been clear to a reasonable official that placing D.P. in the safe room, as part of his aversive and behavioral intervention plan, was an unconstitutional seizure. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083–85 (2011); *Couture v. Bd. of Educ. of Albuquerque Pub. Sch.*, 535 F.3d 1243 (10th Cir. 2008); Wash. Admin. Code § 392-172-394 (2005).

Likewise, Coy is entitled to qualified immunity with respect to Plaintiff's Fourteenth Amendment claim because, at the time Coy acted, it would not have been clear to a reasonable official that having D.P. assist in cleaning up after he defecated in the safe room violated D.P.'s substantive due process rights. *See Harris v. Robinson*, 273 F.3d 927, 931–32 (10th Cir. 2001).

**REVERSED AND REMANDED.**